***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Griffin, and the briefs before the Full Commission. The appealing party did not show good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms and adopts the Decision and Order of Deputy Commissioner Griffin, with minor modifications.
 ***********
Based upon all of the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. All parties are properly before the North Carolina Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim.
2. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
3. The plaintiff alleged in his Affidavit and at the hearing that, while incarcerated at Craven Correctional Institution, he suffered an injury to his back as a result of not having been assigned to a bottom bunk.
4. The plaintiff further alleged in his Affidavit that "nothing was done" when he submitted sick calls, and that no one performed x-rays to determine the cause of his back pain.
5. The plaintiff testified that he remained incarcerated at Craven Correctional Institution from February 10, 2004 through March 9, 2004.
6. The plaintiff had a pre-existing back injury, which he sustained prior to his incarceration, and was in jail in Person County for 11 months prior to his incarceration at Craven Correctional Institution.
7. At the time he arrived at Craven Correctional Institution, the plaintiff did not have a prescription or order for a bottom bunk.
8. The plaintiff offered no evidence which tended to show that any state employee breached a duty to him, or that the alleged breach of duty was the proximate cause of his alleged injury.
9. At the close of the plaintiff's case, the defendant moved to dismiss the plaintiff's claim for failure to prove negligence. The Deputy Commissioner properly granted the defendant's Motion to Dismiss. *Page 3 
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSION OF LAW
N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the North Carolina State Board of Education, the North Carolina Department of Transportation, and all other departments, institutions, and agencies of the State of North Carolina. Under the provisions of the North Carolina Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988). Considering the plaintiff's allegations and the evidence produced at the hearing, the plaintiff failed to show any negligent acts by employees of the defendant, North Carolina Department of Correction. Therefore, the plaintiff's claim should be dismissed. N.C. Gen. Stat. § 143-297.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. The plaintiff's claim under the North Carolina State Tort Claims Act must be, and is hereby, DISMISSED WITH PREJUDICE.
2. No costs are taxed, as the plaintiff filed this civil action informa pauperis.
This the 13th day of August, 2008.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER *Page 4 
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1